IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT CARMELO TORRE,                    )
            Plaintiff,                   )  Case No. CV06-1333-HU
                                         )
      vs.                                )     FINDINGS AND
                                         )     RECOMMENDATION
THE STATE OF OREGON; TED                 )
KULONGOSKI; HARDY MYERS; PAUL            )
BURGETT,                                 )
                                         )
            Defendants.                  )
_____)

Robert Torre
P.O. Box 307
Santa Cruz, California 95061
      Pro se

Hardy Myers
Attorney General
Stephen D. Krohn
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301
      Attorneys for defendants

1   - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Plaintiff Robert Torre brought this action under 42 U.S.C. § 1981[1] for a civil injunction.

Mr. Torre alleges that when he moved to Coos Bay from California, the Coos Bay Police "almost immediately falsely assumed Mr. Torre was a 'Mexican' that made his money in 'drugs and guns,' and started harassing Mr. Torre when he went about his business." Complaint, p. 3.[2] Mr. Torre alleges that these "illegal

---

[1] 42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcement of contracts. It provides a federal remedy against race-based employment discrimination in the private and public sectors. 42 U.S.C. § 1981(a),(c); Runyon v. McCrary, 427 U.S. 160, 168-72 (1976); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 459 (1975). In relevant part the statute provides:
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, ... as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

42 U.S.C. § 1981(a).
Although the term "race" does not appear in the statute, the Court has held that § 1981 provides a federal remedy against racial discrimination. Runyon, 427 U.S. at 168. Because Mr. Torre has not alleged the making or enforcement of a contract, or discrimination in that context, the court assumes that he intends to assert a claim for deprivation of civil rights under 42 U.S.C. § 1983.
Section 1983 provides a remedy for injuries caused by violations of federal law by persons acting under the color of state law. Ramirez v. Galaza, 334 F.3d 850, 854 (9th Cir. 2003). "Congress's purpose in enacting § 1983 was to create a novel civil remedy for violation of established constitutional rights." Id. , quoting Martinez v. City of Oxnard, 270 F.3d 852, 856 n. 2 (9th Cir. 2001).

[2] The complaint does not contain numbered allegations; hence citations are made to pages.

racial profiling incidents included a strip search on the street in 40 degree weather and resulted in the arrest and conviction which is the nature of this action." <u>Id.</u> Mr. Torre alleges that he was found guilty of "crimes that the Prosecuting Attorney Karen Herzog admitted to the Jury Mr. Torre never performed." <u>Id.</u>[3]

Mr. Torre alleges that on appeal, it was discovered that the tape recorded record of the trial had become "damaged and altered during the middle of the Jury instructions until the end of the record." Complaint p. 4. He alleges that the judge's instructions were altered and "no explanation or cause has ever been offered by the Court." <u>Id.</u>

Mr. Torre alleges that when the damaged tape recording was discovered, the Oregon Court of Appeals vacated the conviction and remanded to the Coos County Circuit Court, <u>id.</u>,[4] and that the trial court admitted the tape recording was damaged and "granted a Motion by the State of Oregon to replace it with a transcript." <u>Id.</u>[5] However, plaintiff alleges, the transcript was prepared from

---

[3] Mr. Torre was convicted of criminal mischief in the third degree and criminal trespass in the first degree. <u>Oregon v. Torre</u>, 184 Or. App. 392, 393 (2002). In <u>Torre</u>, the Court of Appeals states that the charges were based on a dispute between Mr. Torre and his neighbors involving the neighbors' dog defecating on Mr. Torre's property and Mr. Torre's having thrown fecal matter into the neighbors' home. <u>Id.</u> at 394.

[4] See <u>Torre</u>, 184 Or. App. at 394.

[5] According to <u>Torre</u>, on remand, Mr. Torre filed motions to allow forensic examination and analysis of the master tape recordings of the trial and the state filed a motion to settle the

the damaged record and the transcriber was not present at trial. Id. Plaintiff alleges that the Oregon Court of Appeals found the order to replace the record with the transcript invalid, so the Coos County Circuit Court issued another order reinstating the conviction against Mr. Torre "but doing absolutely nothing about the fact that there was no longer a Record of the Trial." Id.[6] The second order reinstating the conviction occurred after Mr. Torre was charged with violating probation. Id.

The charge of probation violation allegedly arose out of the conduct of "one of the bit players the Coos Bay Police used to entrap Mr. Torre," who came onto Mr. Torre's property and assaulted him and his friend Sherrill Polk with Mace. Complaint p. 5. Plaintiff alleges that "for this premeditated assault Mr. Brickey was not arrested or charged with assault, just improper

---

record. Id. at 395. The court was not persuaded that the tape had been altered and held that even if someone had intentionally altered the tape, Mr. Torre had not demonstrated that he was prejudiced. Id. The trial court issued an order reinstating the judgment of conviction, settling the trial record to "consist of the transcript of proceedings and an amendment thereto," and denying Mr. Torre's motion to allow forensic examination of the tapes. Id. at 475.

[6] The Court of Appeals considered three assignments of error asserted by Mr. Torre that pertained to the recording of the trial. The first alleged alteration involved a portion of Mr. Torre's trial testimony; the second alleged alteration involved a portion of the judge's instructions to the jury; and the third involved Mr. Torre's sentencing. The Court of Appeals held that based on all the evidence of the case, "a reasonable factfinder could find that the master tape was not altered," so that the trial judge had not abused his discretion in settling the record. 184 Or. App. at 406.

use of mace." Id. The Coos County District Attorney dropped the criminal charges and "instructed Mr. Torre and Ms. Polk to sue in place of prosecution." Id.

Plaintiff alleges that one of the conditions of his probation was to "keep at least 100 feet from the bit players and never travel down the road in front of their house. At the time Mr. Torre supposedly violated his probation he was in the State of Washington about 200 miles from Coos Bay." Id.

As relief, Mr. Torre asks that this court order the State of Oregon to remove his convictions. Complaint, p. 6.

The defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint on the basis of Heck v. Humphrey, 512 U.S. 477, 485 (1994).

## Standard

A motion under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004). When ruling on a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). The court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. Id.

5    - FINDINGS AND RECOMMENDATION

**Discussion**

In <u>Heck</u>, the Supreme Court held,

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by action whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> ... or called into question by a federal court's
> issuance of a writ of habeas corpus.

<u>Id.</u> at 486-87. The relief sought by the plaintiff in this case is

a declaration that his convictions are invalid, based on his

challenge to the procedures used at trial and to reinstate his

convictions.

Heck's favorable termination rule applies to actions for

declaratory relief. <u>Huftile v. Miccio-Fonseca</u>, 410 F.3d 1136,

1141 (9th Cir. 2005). The <u>Heck</u> rule also applies to actions

challenging the procedures underlying the conviction. See, e.g.,

<u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)(alleged procedural

violations in hearing officer's decision to exclude exculpatory

evidence; plaintiff's § 1983 claim necessarily implied invalidity

of disciplinary action and rendered claim not cognizable under

<u>Heck</u>); <u>Huftile</u>, 410 F.3d at 1140 (challenge to procedures used to

evaluate plaintiff in civil commitment hearing barred by <u>Heck</u>);

<u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997)(§ 1983

action based on allegation that parole board relied on false

information to deny parole dismissed because "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole.")

The complaint must therefore be dismissed unless Torre can demonstrate that the conviction or sentence has already been invalidated. Torre has not demonstrated that the conviction or sentence has already been invalidated.

I recommend that the defendants' motion to dismiss (doc. # 11) be GRANTED.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due April 24, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due May 8, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 9th day of April, 2006.

/s/  Dennis James Hubel
        Dennis James Hubel
United States Magistrate Judge

7   - FINDINGS AND RECOMMENDATION